IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** ) ) ) ) ) ) ) This Document Relates to: ) ) *Flores-Cruz, #23-1065,* ) *Burke, #25-514,* ) *Young, #25-657* ) *Chance, #25-809 and* ) *Hamilton, #25-599* ) ) | | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

**MEMORANDUM OPINION**

I.    Introduction

Pending before the court is a motion to dismiss (ECF No. 3789), with brief in support (ECF No. 3791), filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"). Philips sought dismissal with prejudice of six cases (listed in an exhibit to its motion, ECF No. 3789-1) for failure to comply with a July 3, 2025, supplemental order (ECF No. 3421) that extended the deadlines in the Docket Management Order ("DMO") (ECF No. 2769) for certain plaintiffs and show cause orders entered by the court on September 30, 2025 (Civ. No. 24-1131, ECF No. 21) and October 23, 2025 (ECF No. 3690). These cases were not the subject of earlier motions to dismiss and show cause orders.

Philips' motion to dismiss was filed on the docket at each affected case. On November 5, 2025, the court entered an order at each affected case instructing plaintiffs to respond to Philips'

motion to dismiss by December 15, 2025 (ECF No. 3793).  Counsel for the estate of James Barrett Hawkins ("Hawkins") filed responses (Civ. No. 24-1131, ECF Nos. 23 and 32), which represented that Hawkins fully complied with the obligations under the DMO, including the submission of an expert report.  Philips did not rebut Hawkins' representation of full compliance and withdrew the motion with respect to Hawkins' case (ECF No. 4054 at 2 n.2).

With respect to *Hamilton v. Philips*, Civ. No. 25-599, counsel for the parties advised the court by email dated December 16, 2025, that plaintiff Eddie Hamilton ("Hamilton") is participating in the personal injury settlement.  Counsel requested that the court withhold ruling on the pending motions in Hamilton's case.

No responses were received from the remaining four Litigating Plaintiffs at issue in this opinion and the accompanying order:  Sally Lanette Flores-Cruz ("Flores-Cruz"), Civ. No. 23-1065; Patrick Burke ("Burke"), Civ. No. 25-514; Samuel Young ("Young"), Civ. No. 25-657; and Jane and Joseph Chance ("Chance"), Civ. No. 25-809. The motion with respect to those cases is ripe for decision.

II.     Procedural History

The United States District Court for the Western District of Pennsylvania is managing coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.   The MDL arose from Philips' 2021 recall of certain CPAP devices.  The court approved class action settlements of economic loss and medical monitoring claims.  On May 9, 2024, Philips and many of the plaintiffs entered into private settlement agreements to resolve personal injury claims (ECF No. 2768).  The deadlines for participating in the personal injury settlements

expired. The existence of a qualifying injury (or lack thereof) for the settlement does not affect the duties of a Litigating Plaintiff under the DMO.

On May 9, 2024, the Court entered the DMO (ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff fails to fully comply with the DMO, that case is subject to dismissal with prejudice. On July 3, 2025, the court entered a supplemental order setting forth deadlines for the plaintiffs at issue in this opinion to comply with the requirements of the DMO (ECF No. 3421).

Philips reports that Flores-Cruz, Burke, Young and Chance did not fully comply with their obligations under the DMO and supplemental order. As noted above, the court will hold the motion in abeyance with respect to Hamilton and the motion was withdrawn with respect to Hawkins.

On October 20, 2025, Philips filed a motion for the court to enter a "show cause" order for each nonresponsive Litigating Plaintiff to explain why their case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 3690). The show cause order was also entered at the individual docket of each affected case. That order provided, in relevant part:

> IT IS on this 23rd day of October, 2025, HEREBY ORDERED that all Plaintiffs listed in Exhibit A to this Order shall, no later than the 13th day of November, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court (through a filing on the docket), or (2) demonstrate good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of Plaintiff's claims with prejudice.

*Id.* Philips reports that Flores-Cruz, Burke and Chance did not respond to the show cause order.[1]

On November 24, 2025, Philips filed the pending motion to dismiss. Flores-Cruz, Burke, Young and Chance did not respond to the motion to dismiss.

III. Discussion

The pending motion involves Litigating Plaintiffs who did not participate in the personal injury settlement and were subject to a supplemental order which extended the DMO deadlines. Philips seeks dismissal of these cases with prejudice. Philips reports that Flores-Cruz, Burke and Chance are missing "all necessary documentation," (ECF No. 3791-2), i.e., they did not provide any of the required information and did not articulate any explanation or good cause for their failures to comply with those orders. Philips reports that Young did not provide an expert report, a Litigating Plaintiff Fact Sheet, Rule 26 disclosures, records of use, preservation notices or record collection. *Id.* Philips acknowledges that Young provided medical records including proof of injury. Young did not respond to the show cause order or the motion to dismiss and did not articulate any efforts he made to cure the deficiencies in his compliance.

The deadlines in the DMO were designed to create an efficient process for all litigants. A reminder of the deadlines applicable to each Litigating Plaintiff was docketed in their individual case. Flores-Cruz, Burke, Young and Chance, therefore, were on notice of their duties, among other things, to complete a plaintiff fact sheet, provide authorizations for medical records and obtain an expert report. Much of the information required by the DMO concerns only the

---

[1] The court notes that Flores-Cruz is pro se and the copy of the court's October 23, 2025 order mailed to her address listed on the docket was returned as undeliverable.

Litigating Plaintiffs' own claims and is not dependent on access to forms or discovery directed to other parties.

Flores-Cruz, Burke, Young and Chance did not explain why they were unable to comply with the DMO deadlines or the "show cause" deadlines, did not ask the court for an extension of time to gather the required information, and did not articulate any steps they took to attempt diligently to comply with the deadlines.

The court issued the "show cause" order contemplated by ¶ 21 of the DMO. Flores-Cruz, Burke, Young and Chance failed to cure the deficiencies or to demonstrate good cause for those failures, despite the passage of several more months. As set forth in DMO ¶ 20 and 21 and the show cause orders, their complaints are subject to dismissal with prejudice. They had repeated opportunities to address the failures and received notification from the court that the failure to show cause would result in the dismissal of their cases with prejudice. Nevertheless, Flores-Cruz, Burke, Young and Chance failed to respond. The court concludes that the cases filed by Flores-Cruz, Burke, Young and Chance must be dismissed with prejudice.[2]

---

[2] To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is necessary in light of the clear language of this court's orders, the court finds the *Poulis* factors weigh heavily in favor of dismissal of each of these cases with prejudice.

IV.Conclusion

For the reasons set forth above, Philips' motion to dismiss (ECF No. 3789) will be granted in part with respect to Flores-Cruz, Burke, Young and Chance; and held in abeyance with respect to Hamilton, Civ. No. 25-599.  The cases filed by Sally Lanette Flores-Cruz, Civ. No. 23-1065; Patrick Burke, Civ. No. 25-514; Samuel Young, Civ. No. 25-657; and Jane and Joseph Chance, Civ. No. 25-809; will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated: January 22, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge